IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINIFRED DAVIS, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:17-CV-3347-N-BH |
| | § | |
| MEGAN J. BRENNAN, POSTMASTER, | § | |
| U.S. POSTAL SERVICE, et al. | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court for recommendation is *Defendant Brennan's Partial Motion to Dismiss Other Defendants and Brief in Support*, filed March 6, 2018 (doc. 25). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Winifred Davis (Plaintiff) was previously employed by the United States Postal Service (USPS). (doc. 11 at 2.)[1] On December 11, 2017, she filed this action against the Postmaster General of the USPS (Defendant), and two employees of the USPS, Karl Stephens (Supervisor), and Greg Lambert (Manager), alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., based on disability, age, sex, race, color, and national origin. (docs. 3 at 1-2; 11 at 1, 3.)[2]

Plaintiff began her employment with USPS as a "carrier" in January or February of 2011. (doc. 11 at 2.) She alleges that she is disabled due to Myasthenia Gravis (MG), and spinal stenosis

---

[1] On December 27, 2017, Plaintiff filed her verified Answers to Magistrate Judge's Questionnaire (the MJQ), in which she provided information regarding her claims. (*See* doc. 11.) Her answers constitute the first amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No., 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that resulted from "on the job injuries." (*Id*. at 4.) Her disabilities substantially limit her ability to walk, drive, and be exposed to hot and cold weather. (*Id*.) She asserts that due to her disabilities, she is limited to "light duty" work, but Manager would not allow her to work within her limitations, while other carriers were permitted to work within their limitations. (*Id*. at 5-6.) On April 4, 2011, Manager "told [Plaintiff] not to return to work." (*Id*. at 7.)

Plaintiff filed her charge of discrimination with the EEOC on August 8, 2011, and received a final decision on June 19, 2014; the EEOC did not make a finding of discrimination. (*Id*. at 1, 17-18.) She appealed that decision, and the EEOC affirmed on December 7, 2016. (*Id*. at 17, 21.)

Plaintiff filed her complaint on December 11, 2017. (doc. 3.) She seeks restoration of her wages and benefits, reinstatement to her assigned duties as a carrier, monetary damages, exemplary damages, and attorney's fees. (doc. 11 at 10.) On March 6, 2018, Defendant filed its partial motion to dismiss Supervisor and Manager from this lawsuit. (docs. 11; 25.) Plaintiff did not file a response. This motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Supervisor and Manager from this case as improper defendants.[3]

---

[3] Defendant also moves to dismiss Supervisor and Manager because they were not "served within the 30 days required by the Court's [o]rder . . . ." (doc. 25 at 2; *see* doc. 12.) However, the Court's order provided that it was Plaintiff's responsibility to serve the defendants in accordance with Fed. R. Civ. P. 4(m). (doc. 12 at 1.) Rule 4(m) requires that a defendant be "served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Courts retain discretion to extend the time for service, however. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The 90-day period expired on March 12, 2018. Plaintiff filed updated addresses for Supervisor and Manager on March 7, 2018, within the 90-day deadline, and summonses were reissued that same day. (docs. 29; 30.) It is within the Court's discretion to extend the time for service, and proof of service in the Court's record indicates that Plaintiff served process on Supervisor and Manager on March 20, 2018, and March 30, 2018, respectively. (docs. 36; 38.) Defendant's motion to dismiss on this basis should be denied. Even if dismissal were warranted on this basis, it would be without prejudice for purposes of allowing Plaintiff to properly serve Supervisor and Manager, which has already occurred. Fed. R. Civ. P. 4(m) (stating that dismissal is without prejudice); *see Grant–Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01–CV–2327, 2002 WL 424566, at *4 (N.D. Tex. Mar.15, 2002) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959)) ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'").

(doc. 25 at 1.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[4] Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may

---

[4] Although not specified by Defendant, the dismissal of improper defendants is typically analyzed under Fed. R. Civ. P. 12(b)(6). *See Jones v. Astrue*, No. H-10-1740, 2011 WL 2118792, at *5 (S.D. Tex. May 27, 2011) (analyzing dismissal of improper party defendants under Rule 12(b)(6)); *Baney v. Gonzales*, No. 3:06-CV-2064-L, 2007 WL 1944462, at *6 (N.D. Tex. June 27, 2007) (same).

be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to

a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached documents to her answers to the MJQ, including her original petition from her state district court case against the same individuals she sues here, the appeals decision from the EEOC, and her EEOC investigative affidavit. (doc. 11 at 12-45.) Because these documents are attached to her answers, which constitute the first amendment to the complaint, they are considered part of the pleadings. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498. It is therefore unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

**B.    Proper Party Defendant**

Defendant asserts that Supervisor and Manager are not proper defendants in this employment discrimination action against the federal government. (doc. 25 at 2.) "42 U.S.C. § 2000e-16(a)-(c) . . . provides the exclusive remedy for the employment discrimination claims of federal employees." *Lamb v. United States Postal Service*, 852 F.2d 845, 846 (5th Cir. 1988). The proper defendant in

5

a Title VII action by an employee of a federal executive agency is the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c); *see Lamb*, 852 F.2d at 846–47 (citing cases) (noting that the Fifth Circuit has "unequivocally adopted the rule that the only proper defendant in a Title VII action against the [USPS] is the Postmaster General."). As the head of the USPS, Postmaster General Megan J. Brennan in her official capacity is the only proper defendant in this action. *Lamb*, 852 F.2d at 846–47; *see Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (proper defendant in employment discrimination action against federal agency is "head of the department, agency, or unit, as appropriate"). Accordingly, all Title VII claims against Supervisor and Manager should be dismissed with prejudice. *See Wright v. United States Postal Service*, 344 F. Supp. 2d 956, 961 (M.D. La. 2004) (dismissing discrimination claims against two former supervisors under Rule 12(b)(6)); *Turner v. Lee*, No. 3:98-CV-0446-G, 1999 WL 155706 (N.D. Tex. Mar. 11, 1999) (dismissing Title VII claims against individual supervisor as improper defendant).

### III. RECOMMENDATION

Defendant's partial motion to dismiss should be **GRANTED,** and Plaintiff's claims against Supervisor and Manager should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 15th day of June, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE